**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MATTHEW NICHOLLS,

Plaintiff,

v. 1:26-MC-13 (AJB/DJS)

TAPIS CORPORATION,

Defendant,

PERRONE LEATHER, LLC,

Movant.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| PHILLIPS LYTLE LLP<br>Attorney for Movant<br>100 South Clinton Avenue<br>Suite 2900<br>Rochester, New York 14604-1846 | KEVIN J. MULVEHILL, ESQ. |
| BLANK ROME, LLP<br>Attorney for Defendant<br>1271 Avenue of the Americas<br>New York, New York 10020 | CRAIG M. FLANDERS, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

# DECISION AND ORDER

## I. PROCEDURAL BACKGROUND

Presently pending are Motions to Quash two subpoenas issued in the above-captioned action presently pending in the Central District of California. Dkt. Nos. 1 &

3. Movant Perrone Leather, LLC ("Perrone Leather") is a corporation headquartered in Fultonville, New York. Dkt. No. 1-2 at p. 2. The underlying action was commenced in California state court by Matthew Nicholls against his former employer, Tapis Corporation ("Tapis") in 2025 and alleges, *inter alia*, that Defendant failed to properly pay Nicholls' wages and overtime, failed to reimburse expenses, and engaged in retaliation and unfair business practices against Plaintiff. *See generally* Dkt. No. 1-3. Tapis filed a counterclaim against Nicholls alleging, *inter alia*, misappropriation of trade secrets and breach of contract, Dkt. No. 1-4, and subsequently removed the action to federal court. Dkt. No. 1-5. After leaving his employment with Tapis, Nicholls went to work for Perrone Leather. Dkt. No. 1-4 at p. 8.

The first subpoena sought production of over forty categories of documents. Dkt. No. 1-6. It has subsequently been withdrawn, Dkt. No. 4 at p. 6 n.1, and replaced with a second subpoena seeking both the production of documents and a Rule 30(b)(6) deposition. Dkt. No. 3-9. In light of the withdrawal of the first subpoena, the initial Motion to Quash, Dkt. No. 1, is denied as moot. The second subpoena seeks production of documents and testimony in Albany, New York. Dkt. No. 3-9 at p. 2. The Motion to Quash that subpoena, Dkt. No. 3, is appropriately brought in this District under Fed. R. Civ. P. 45(d)(3)(A). Tapis opposes the Motion. Dkt. No. 4.

## II. DISCUSSION

"Motions to quash a subpoena are . . . entrusted to the sound discretion of the district court." *McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*, 2013 WL

4520671, at *4 (N.D.N.Y. Aug. 26, 2013) (internal alterations and quotations omitted). "Under Federal Rule of Civil Procedure . . . 45, subpoenas served on non-parties are subject to the relevance and proportionality requirements outlined in Rule 26(b)(1)." *Rule v. Braiman*, 2026 WL 1329612, at *2 (N.D.N.Y. May 13, 2026).

Having reviewed the subpoena, the Court finds that a certain subset of the requests made are narrowly tailored and proportionally relevant to the issues presented in the California action. Those requests relate largely to Nicholls' subsequent employment with Perrone, including any efforts to recruit him to work for the company. Production Requests 1 through 5, therefore, are relevant, not excessively broad, and pose no apparent risk of disclosing Perrone's proprietary information. Dkt. No. 3-9 at p. 9. Related topics in the 30(b)(6) Notice including Topics 1 through 3 are likewise appropriate topics for a Perrone representative to address at a deposition. *Id.* at p. 6. The Motion to Quash as to those claims, therefore, is denied.

However, many of "the document requests are, on their face, impermissibly overbroad, unduly burdensome, and ambiguous, and not proportional to the needs of the case." *Kumaran v. Northland Energy Trading, LLC*, 2026 WL 1346232, at *1 (S.D.N.Y. May 14, 2026). Though narrowed from the first subpoena, the second subpoena remains exceptionally broad. In request after request, the document subpoena seeks "all documents," "all correspondence," or "all communications" on over twenty topics. Dkt. No. 3-9 at pp. 9-11. The categories as to which "all" information is sought are themselves broad. The document subpoena, for example, seeks "all correspondence

between Perrone and Nicholls" for an eleven month period. *Id.* at Request # 6. It seeks "all communications" between Nicholls and more than a dozen airlines "which mention Tapis." *Id.* at Request # 25. Significantly, this request contains no temporal limitation. The document subpoena also seeks "all documents and communications relating to Tapis since November 1, 2023." *Id.* at Request # 28. This would include any document in which Perrone named competitors, no matter the context. Similarly broad deposition topics are set forth in the 30(b)(6) notice. *See*, *e.g.*, Topics for Examination # 4, 6, 22. "Blanket requests of this kind are plainly overbroad and impermissible." *Morocho v. Stars Jewelry by A Jeweler Corp.*, 345 F.R.D. 292, 294 (S.D.N.Y. 2024). "This overbreadth is particularly significant given the [movant's] status as a non-party." *Rule v. Braiman*, 2026 WL 1329612, at *6 (N.D.N.Y. May 13, 2026).

In addition to the rather striking overbreadth of many of the requests, the Court also believes that many of the remaining requests would either pose an undue burden on Perrone to respond, are not clearly relevant, or would implicate commercially sensitive material.

Remember that Perrone is not a party to the California action. In that action, Nicholls and Tapis dispute a variety of issues regarding Nicholls' employment with Tapis. Several of the requests in the subpoena do not seem to be aimed at those issues. Instead, they are directed at what action, if any, Perrone itself may have taken regarding purported confidential material of Tapis. *See*, *e.g.*, Requests # 10 ("All documents related to any access by Nicholls to Tapis accounts, resources, or documents for the

benefit of Perrone from November 1, 2023"); # 11 ("All documents relating to any efforts Perrone made to prevent any use or disclosure of Tapis's confidential information, including but not limited to any training or instructions provided to Nicholls regarding the use of third-party confidential information, and assessment(s) Perrone conducted Regarding the use of any Tapis confidential material from November 1, 2023 to present."); # 12 ("All Documents and Communications relating to any use or disclosure of Tapis's confidential information, such as intellectual property or trade secrets, by Perrone from November 1, 2023 to present."). While Tapis may make arguments regarding Nicholls' actions with respect to its confidential information in the California action, it has not shown here that these requests are aimed at meaningfully obtaining information about Nicholls' activities, rather than investigating the actions of its competitor. The Motion to Quash as to these requests, therefore, is granted.

The Court also finds that the portion of the subpoena seeking production of documents would impose an undue burden. "Whether a subpoena imposes an 'undue burden' 'depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996)). Tapis seeks "All Tapis documents Nicholls provided, shared, referenced, or made available to Perrone or any Perrone employee from September 1, 2024 to present." Request # 26.

Additionally, it seeks "All documents accessed, opened, viewed, or referenced by Nicholls on any Perrone computer, device, or system containing information about Tapis or Tapis' customers, products, pricing, or business." Request # 27. These requests would require a document by document, device by device search of every document in Perrone's possession. Doing so clearly imposes an undue burden.

Finally, "Rule 45 of the Federal Rules of Civil Procedure permits courts to quash or modify subpoenas that require disclosure of 'a trade secret or other confidential research, development, or commercial information.'" *In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 522 (S.D.N.Y. 2016) (quoting FED. R. CIV. P. 45(d)(3)(B)(i)). Numerous requests clearly implicate the private commercial interests of Perrone. *See*, *e.g.*, Requests # 15 (documents concerning market analysis); # 16 ("pricing, pricing models, or discount structures" for specific clients); # 19 ("competitive bids, proposals, or quotes"). The Court has little difficulty concluding that this type of information warrants significant protection from disclosure, especially where here the information is sought from an entity that is not a party to the action.

In arguing that confidentiality concerns should not justify quashing the subpoena, Tapis seems to concede that some requests do seek confidential material, but argues that the existence of a protective order in the case obviates that concern. Dkt. No. 4 at pp. 21-22. The Court is not convinced. Perrone is not a party to the Protective Order in place. Dkt. No. 4-3. The Order seems to provide protection for disclosure of a non-party's confidential information only if the party is subject to an agreement with the

non-party not to produce information. *Id.* at p. 12. The parties have not suggested that such an agreement between Tapis and Perrone exists. Nor does it seem equitable under the circumstances to leave Perrone to seek a remedy for any improper disclosure of its information in a California court presiding over a case to which it is not a party. The Court, therefore, finds that requests seeking production of commercially sensitive documents and testimony should be quashed.

**ACCORDINGLY**, it is

**ORDERED**, that the Motion to Quash, Dkt. No. 1, is **DENIED AS MOOT**; and it is further

**ORDERED**, that the Motion to Quash, Dkt. No. 3, is **GRANTED IN PART and DENIED IN PART**. Perrone Leather shall respond to Requests for Production 1 through 5 and produce a corporate representative pursuant to Rule 30(b)(6) prepared to address Topics 1 through 3. The request to quash the subpoena is otherwise granted.

Dated: September 15, 2026
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge